# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1004

_____

Linda Snider; Robert Carver;      *
Donna Carver; Dennis Murphy;      *
Lea Murphy; Fred Thorp; Ruth      *
Thorp; Albert Teepen; Barbara      *
Teepen; Ronald Tavernaro; and      *
Barbara Tavernaro, All Parties      *
Above Individually and On Behalf      *
of All Others Similarly Situated,      *
     *
         Appellants,      *   Appeal from the United States
     *   District Court for the Western
       v.      *   District of Missouri.
     *
City of Excelsior Springs, Missouri;      *
Land Clearance for Redevelopment      *
Authority of Excelsior Springs,      *
Missouri; and Millennium Management      *
Company,      *
     *
         Appellees.      *

_____

Submitted: June 12, 1998

Filed: September 2, 1998

_____

Before HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After the plaintiff class filed a complaint alleging civil rights violations and asking for damages and relief from a state court condemnation proceeding, the district court[2] held that it lacked subject matter jurisdiction to hear the case and dismissed it. We affirm the judgment of the district court.

I.

The plaintiffs in this action purchased time-share interests for use at the Elms Hotel in Excelsior Springs, Missouri. Each made a one-time cash payment, signed a time-share agreement, and agreed to pay annual fees. In return, the plaintiffs were permitted to reserve rooms on designated floors of the Elms Hotel, or to exchange their time for stays at other resorts, for a specified number of days each year.

Despite the revenue from the time-share scheme, the Elms Hotel experienced financial difficulties and filed for bankruptcy, but the bankruptcy court dismissed the case after the creditors could not agree on a plan to resolve the hotel's financial difficulties. Shortly thereafter, the City of Excelsior Springs (City) declared the hotel and surrounding properties a blighted area and condemned them.

The City and the Land Clearance and Redevelopment Agency (LCRA) then filed a petition in condemnation in a Missouri state court. The petition named nine of the

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

time-share holders as representatives of a defendant class to represent the interests of the more than 800 time-share holders. The City and LCRA moved to certify the class and notified the nine named class defendants. Shortly thereafter, the state court certified the class of timeshare holders. The state court then appointed commissioners, who valued the property being condemned and determined each defendant's interest in the condemnation award. The commissioners determined net damages of $675,000. When the state court entered its order condemning the Elms Hotel, it found that six deeds of trust securing obligations in excess of $20 million that encumbered the hotel were entitled to priority and that the City and the LCRA were beneficiaries under those deeds. The state court therefore gave the City and the LCRA superior rights and interests to the property and the $675,000 condemnation award.

The time-share owners brought this action in federal district court, alleging that the City and the LCRA secretly planned the condemnation to eliminate the time-share interests so that the property could be redeveloped free of any encumbrances. The plaintiffs alleged that the time-share class was certified by the state court but did not participate in the condemnation proceeding. They further alleged that notice was not sent to the class members until after the order of condemnation was signed. The plaintiffs maintained that the actions that the City and the LCRA took in the course of the condemnation proceeding violated 42 U.S.C. § 1983 because those actions denied the plaintiffs substantive due process rights, procedural due process rights, access to the courts, and the right to petition the government to redress grievances. The plaintiffs also asserted state-law claims, including tortious interference with contract, breach of non-disturbance agreement, and interference with the right to quiet enjoyment.

## II.

Under the so-called *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Instead, federal

review of state court decisions is vested exclusively in the United States Supreme Court. *See Feldman*, 460 U.S. at 486. A federal district court has jurisdiction over constitutional challenges only if they are not inextricably intertwined with the claims asserted in the state court, *see Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990), and a state claim is inextricably intertwined if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it. *See id.* at 296-97. That is, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding. *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994), *cert. denied* 513 U.S. 811 (1994). Deciding whether *Rooker-Feldman* bars the plaintiffs' federal suit therefore requires that we determine what the state court held and whether the relief that the plaintiffs requested in their federal action would void the state court's decision or would require us to determine that that decision was wrong. *See Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

The state court, as we indicated, entered an order approving the condemnation of the Elms Hotel. Under Missouri law, the purpose of condemnation proceedings is " 'to ascertain and acquire title to the land sought for [public] purposes and to foreclose all outstanding claims and interests that are, or may be, asserted thereto by others.'" *City of Columbia v. Baurichter*, 713 S.W.2d 263, 266 (Mo. 1986) (emphasis omitted), quoting *City of St. Louis v. Barthel*, 166 S.W. 267, 272 (Mo. 1914). The state court's order thus had the effect under Missouri law of foreclosing all outstanding claims or interests.

The plaintiffs' complaint alleges that the defendants violated federal and state laws by their actions in the course of the condemnation proceeding. They prayed for damages, attorneys' fees, and "to have their time share interests reinstated in the Elms Hotel and Resort." The state court, however, had already determined the relevant damages from the condemnation and had extinguished whatever property interests the plaintiffs may have had. For the federal district court to order condemnation damages

or to reinstate property interests would require it to determine that the state court had decided the condemnation matter wrongly: In other words, the relief for which the plaintiffs prayed would, if granted, effectively void the state court's judgment. Most importantly, the federal court would essentially be acting as an appeals court reviewing the state court judgment, which violates the *Rooker-Feldman* doctrine.

The plaintiffs argue that the *Rooker-Feldman* doctrine does not bar their claim in federal court because they were not given proper notice in the state court and therefore could not be "parties" who were bound by the state court judgment. It is true that the Supreme Court has held that the *Rooker-Feldman* rule does not bar a federal claim brought by one who was not a party to the state court action and therefore not in any position to seek appellate review of the state court judgment. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The state court in this case, however, entered an order certifying as a class those people holding time-share interests in the Elms Hotel.

Whether that class certification and the time-share holders' subsequent treatment as parties was correctly decided by the state court is, again, not an issue that the federal district court has jurisdiction to decide under the *Rooker-Feldman* doctrine. To determine that the plaintiffs here were not "parties" in the state court action would require us to hold that the state court wrongly certified the class and wrongly ordered a final judgment in the condemnation proceeding. As we have held before in a case in which the plaintiffs alleged insufficient notice in a state court action, there is no procedural due process exception to the *Rooker-Feldman* rule. *See Postma v. First Federal Savings & Loan of Sioux City*, 74 F.3d 160, 162 n.3 (8th Cir. 1996).

The plaintiffs also argue that the *Rooker-Feldman* rule does not apply here because the state court judgment is void. Citing *Hansberry v. Lee*, 311 U.S. 32 (1940), they argue that the judgment is void because the absent class members were not adequately represented at trial. The United States Supreme Court, of course, had

appellate jurisdiction to review and reverse the Illinois Supreme Court's decision in *Hansberry*. Under the *Rooker-Feldman* rule, in contrast, no federal district court has jurisdiction to decide that the state court judgment was void.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.