In re C. Dean FERREN; Sue
S. Ferren, Debtors.

C. Dean FERREN, Plaintiff–Appellant,

v.

SEARCY WINNELSON COMPANY;
McPherson Electric Company, Inc.;
Strother–Wilbourn Land Title Company;
North Little Rock Winnelson Company;
Charles Hicks, d/b/a Budget Print; Sear-
cy Physical Therapy Clinic; McClain
Heating and Air; Ken Dick & Associ-
ates, Inc., Defendants–Appellees.

No. 98–6076EA.

United States Bankruptcy Appellate Panel
of the Eighth Circuit.

Submitted Nov. 17, 1998.

Decided Dec. 2, 1998.

Stephen Bennett, Sherwood, AR, for appellant.

Steven B. Jordan, Searcy, AR, for Strother–Wilbourn Land Title Co.

Brian Keith Cole, Searcy, AR, for McLain Heating and Air.

J.R. Buzbee, Little Rock, AR, for McPherson Electric, Incorporated.

Before KOGER, Chief Judge, WILLIAM A. HILL, and DREHER, Bankruptcy Judges.

**HILL, Bankruptcy Judge.**

This is an appeal from the Order of the bankruptcy court[1] dismissing the Adversary Complaint of the debtor, C. Dean Ferren ("Ferren") under the law of preclusion. We affirm the bankruptcy court on the basis of the Rooker–Feldman doctrine, finding pursuant thereto that the bankruptcy court lacked subject matter jurisdiction to hear the action.

## I. BACKGROUND

The facts upon which this matter turns are brief and uncomplicated. On March 26, 1991, Ferren and his then-wife, Susan S. Ferren, ("debtors") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. In their Chapter 13 plan, the debtors listed First Security Bank of Searcy ("FSB") as a first lienholder of nonexempt property located at 910–12 East Race Street, Searcy, Arkansas ("property"). In addition to holding a first and second mortgage on the property, FSB held recorded judicial liens thereon aggregating more than $167,000.00. A number of other creditors—now the appellees herein—also held judicial liens against the property, including McPherson Electric Company, Inc. ("McPherson"); Strother–Wilbourn Land Title Company, Inc. ("Strother"); and McClain Heating and Air ("McClain").[2] Aside from McClain, none of

---

1. The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

2. In addition to McPherson, Strother, and McClain, the judgment creditors included Searcy Winnelson Company; North Little Rock Winnelson Company; Sterling Paint Company, Inc.; Charles Hicks d/b/a Budget Print; Searcy Physical Therapy Clinic; and Ken Dick & Associates, Inc.

the other judicial lienholders filed proofs of claim in the matter.

The debtors scheduled the majority of the judgment debts as being unsecured. Beyond a provision stating that the unsecured creditors would receive pro rata payments from the debtors' earnings with interest at the rate of eleven percent, their plan did not specifically treat the claims or liens. On May 5, 1991, the plan was confirmed without objection. On May 15, 1995, the debtors received their discharge in bankruptcy.

Subsequently, FSB commenced an action seeking to foreclose upon the property in the Chancery Court of White County, Arkansas ("Chancery Court"), Case No. E–96–1077–First. On April 16, 1997, the Chancery Court entered a Decree of Foreclosure against the property. Ferren then bought the property at its foreclosure sale.

The judicial lienholders then moved in Chancery Court for the distribution of the sale proceeds in satisfaction of their liens. A hearing was held on the matter, with Ferren resisting such dispersal by arguing that his discharge in bankruptcy extinguished the liens and thus precluded disbursement of the sale proceeds to the lienholders. On December 8, 1997, the Chancery Court entered an Amended Order of Disbursal, distributing the sale proceeds to these creditors.[3]

In response to the disposition of the matter in the Chancery Court, Ferren filed a motion on December 15, 1997, to reopen his bankruptcy case in order to file an adversary proceeding, which motion was granted on January 26, 1998. *At no point did he appeal the December 8, 1997 order of the Chancery Court.*

On February 3, 1998, Ferren commenced an adversary proceeding in the bankruptcy court, seeking both the turnover of the distributed sale proceeds from the lienholders, as well as a permanent injunction enforcing his discharge in bankruptcy against them. After answering Ferren's Complaint, Defendants McPherson, Strother, and McClain moved for its dismissal in March 1998. Subsequently, Ferren moved for summary judgment against the defendants on April 17, 1998.

On August 27, 1998, the bankruptcy court granted McPherson's Motion and dismissed Ferren's action upon the law of preclusion.[4] As the court stated in its Order of Dismissal:

> The doctrines of res judicata and/or collateral estoppel exist to preclude [relitigation] of [Ferren's] causes of action; [D]ebtor has already presented his defenses and has lost. Indeed, that is precisely the purpose of the doctrines—to prevent relitigation of issues and cases. Debtor may not [relitigate] the issues in this forum simply because he disagrees with the decision of another forum. In the instant case, the Chancery Court of White County was presented with the issue of whether judgment lien creditors were entitled to a disbursement of proceeds from the sale of property despite the debtor's discharge in bankruptcy. The chancery court issued a final ruling on that issue by entering an Amended Order of Disbursal awarding payment to the [lienholders]. That order was not appealed. The issue presented in this adversary proceeding is identical: the debtor seeks turnover of the proceeds from the [lienholders] on the basis that the debtor received a discharge in bankruptcy.
>
> The issue having been litigated and concluded in the state court proceedings, the debtor may not raise the issue in another forum, the bankruptcy court. Even if the debtor believes that the chancery court erred, or, even if the chancery court, in fact, erred in disbursing the sale proceeds to the judgment lien creditors, the state court judgment is entitled to full faith and

---

3. The aggregate sum of $53,972.67 was distributed to the judicial lienholders in the following amounts:

 1. Searcy Winnelson Company $10,412.15
 2. McPherson $18,486.86
 3. Strother $ 6,989.67
 4. North Little Rock Winnelson
 Company $ 9,870.53
 5. Sterling Paint Company, Inc. $ 3,351.12
 6. Charles Hicks d/b/a Budget
 Print $ 610.15
 7. Searcy Physical Therapy Clinic $ 397.63
 8. McClain $ 3,455.21
 9. Ken Dick & Associates, Inc. $ 399.35

4. Concomitantly, the bankruptcy court also denied Strother's and McClain's Motions for Dismissal as moot, and denied Ferren's Motion for Summary Judgment.

credit in this court. Debtor's remedy for any error in the chancery court was to appeal that decision, not file a proceeding in this court to alter the state court decision. Thus, Debtor may not collaterally attack the decision of the state court by petitioning this court to make an alternate decision.

*Ferren v. Searcy Winnelson Co. (In re Ferren),* Case No. 91–40707S, AP No. 98–4014, at *4–5 (Bankr.E.D.Ark. Aug. 27, 1998).

For reversal, Ferren's arguments are, in part, similarly premised upon res judicata. However, Ferren contends that the doctrine applies to prevent the *appellees* from collaterally attacking the confirmation of his Chapter 13 plan or his discharge in bankruptcy in a subsequent state court proceeding, to wit, that in the Chancery Court. The appellees resist his assertion, arguing instead for an affirmance of the Order of the bankruptcy court on all points.

## II. DISCUSSION

### 1.

 Lack of subject matter jurisdiction is insusceptible to waiver, and may be raised at any time during the course of an action by a party thereto, or by the Court sua sponte. *See Magee v. Exxon Corp.,* 135 F.3d 599, 601 (8th Cir.1998); *Berger Levee Dist. v. United States,* 128 F.3d 679, 680 (8th Cir.1997); *Bue-*

*ford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir.1993); Fed. R. Bankr.P. 7012(b); Fed.R.Civ.P. 12(h)(3).[5] Although none of the parties to the instant matter have raised the issue, the Court has an independent obligation to conduct this jurisdictional inquiry. *See Lewis v. United States,* 992 F.2d 767, 771 (8th Cir.1993); *Crockett v. Lineberger,* 205 B.R. 580, 581 n. 3 (8th Cir. BAP 1997). Having done so, we conclude that subject matter jurisdiction is indeed lacking in the instant matter. Further, under the well-settled principle that we may affirm the judgment below on any basis supported by the record, whether or not raised therein, *see McGowan v. Ries (In re McGowan),* 226 B.R. 13, 18 (8th Cir. BAP 1998); *Hatcher v. U.S. Trustee (In re Hatcher),* 218 B.R. 441, 446 (8th Cir. BAP 1998), we affirm the bankruptcy court's dismissal of Ferren's action on the basis of the Rooker–Feldman doctrine, rather than on that of preclusion.

### 2.

 Initially, we note that preclusion, upon which the bankruptcy court relied, and the Rooker–Feldman doctrine[6] "are closely related legal concepts." *Goetzman v. Agribank, FCB (In re Goetzman),* 91 F.3d 1173, 1177 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 612, 136 L.Ed.2d 537 (1996); *see Charchenko v. City of Stillwater,* 47 F.3d 981, 983 n. 1 (8th Cir.1995).[7] The Rooker–

5. Rule 12(h)(3) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings in bankruptcy pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, provides, "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." Fed.R.Civ.P. 12(h)(3) (emphasis added).

6. The doctrine derives its appellation from the cases of *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

7. However, the distinctions between the two are worth recalling. First, "Rooker–Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits." *Charchenko,* 47 F.3d at 983 n. 1. Second, as the Court of Appeals for the Seventh

Circuit explained in *Garry v. Geils,* 82 F.3d 1362 (7th Cir.1996):

> While Rooker–Feldman is entirely federal and requires no reference to principles of state law, under res judicata we look to the law of the state in which the prior judgment was entered to determine whether that state "would give that judgment preclusive effect against the claims asserted in the federal action." *Pirela v. Village of North Aurora,* 935 F.2d 909, 911 (7th Cir.) (citations omitted), *cert. denied,* 502 U.S. 983, 112 S.Ct. 587, 116 L.Ed.2d 612 (1991). In addition, under res judicata we must determine whether the party against whom the defense is raised had a full and fair opportunity to pursue its claim in the previous state proceeding. *Id.* Thus under res judicata, if the state would allow for reconsideration of a previously decided claim or if the federal plaintiff did not have an adequate chance to address the claim during the state action, we will consider the federal claim. Rooker–Feldman does not contain analogous limitations.

Feldman doctrine "derives from the prohibition on federal appellate review of state court proceedings." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir.1997); *see Hatcher v. U.S. Trustee (In re Hatcher),* 218 B.R. 441, 447 (8th Cir. BAP 1998) (quoting same). Under the doctrine, lower federal courts lack subject matter jurisdiction over challenges to determinations made by state courts in judicial proceedings. *See Snider v. City of Excelsior Springs,* 154 F.3d 809, 811 (8th Cir.1998); *Neal v. Wilson,* 112 F.3d 351, 356 (8th Cir.1997). Instead, review of state court decisions lies exclusively in the United States Supreme Court. *See First Commercial Trust Co. v. Colt's Mfg. Co.,* 77 F.3d 1081, 1083 (8th Cir.1996); *Postma v. First Fed. Sav. & Loan,* 74 F.3d 160, 162 (8th Cir.1996).

■ Impermissible appellate review occurs in the lower federal courts whenever they entertain claims which are inextricably intertwined with those addressed in the state court. *Snider,* 154 F.3d at 811; *In re Goetzman,* 91 F.3d at 1177. Claims are inextricably intertwined "if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Bechtold,* 104 F.3d at 1065; *Charchenko,* 47 F.3d at 983. Thus, in other words, the Rooker–Feldman doctrine precludes a federal action "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir.1990) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)); *Postma,* 74 F.3d at 162 (quoting same).

### 3.

■ In deciding whether the Rooker–Feldman doctrine bars Ferren's adversary proceeding, we must "determine what the state court held and whether the relief that [Ferren] requested in [his] federal action would void the state court's decision or would require us to determine that that decision was wrong." *See Snider,* 154 F.3d at 811. Thus put, and under these facts, the exercise is a simple one.

■ The Chancery Court ordered disbursal of the proceeds derived from the foreclosure sale of the property to the judicial lienholders. It did so despite having been apprised by Ferren of events surrounding the property in bankruptcy, and of his discharge therein. Ferren, in bringing his adversary proceeding, sought turnover of those funds from the lienholders.

Yet, as the bankruptcy court carefully noted, this issue has already been decided by the Chancery Court: "[T]he Chancery Court ... was presented with the issue of whether judgment [lienholders] were entitled to a disbursement of proceeds from the sale of property despite [Ferren's] discharge in bankruptcy[,]" and the Chancery Court decided that issue on December 8, 1997, in favor of the lienholders. In order to entertain Ferren's present action, the bankruptcy court would have been placed in the untenable position of sitting in review of the state court, as Ferren's success in this matter depended upon a determination that the state court's December 8 Order was in error, and upon an alteration of its result.

■ Thus, the bankruptcy court could not review Ferren's claims and grant the relief he requested without effectively reversing the decision of the state court. Seeking to redress the judgment of a state court in this manner falls squarely within the prohibition of the Rooker–Feldman doctrine. Thus, under the doctrine, the bankruptcy court lacked jurisdiction to consider Ferren's Adversary Complaint as his federal claims are inextricably intertwined with the state case. Having determined that Ferren's efforts to overturn the ruling of the Chancery Court in these federal forums were misplaced, we note, in closing, that his proper avenue for appeal, and that which he chose to disregard, was with the state courts of Arkansas.

*Id.* at 1366 n. 8; *see Postma v. First Fed. Sav. & Loan,* 74 F.3d 160, 162 n. 3 (8th Cir.1996). ("[T]here is no procedural due process exception to the Rooker–Feldman doctrine."). Finally, "preclusion defenses are generally affirmative and can be waived; Rooker–Feldman is jurisdictional and cannot." *Hachamovitch v. DeBuono,* 159 F.3d 687, 698 (2d Cir.1998); *see Garry, supra.*

284

## III. CONCLUSION

For the foregoing reasons, the bankruptcy court's August 27, 1998, Order of Dismissal is in all things AFFIRMED.