**Arliss Hill et al. v. Town of Conway  CV-98-458-B    12/03/98**
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**<u>Arliss Hill</u>**
**<u>Verona A. Johnson, Trustee,</u>**
**<u>and Carol J. Hennum, Trustee</u>**

v.                                           Civil No. C-98-458-B

**<u>Town of Conway</u>**


### <u>MEMORANDUM AND ORDER</u>


Arliss Hill and Trusts controlled by Carol Hennum and Verona Johnson own the Mountain Valley Mall in Conway, New Hampshire. When the mall first opened, the public obtained access to the mall and several adjacent properties through a private road owned by plaintiffs' predecessors. Over plaintiffs' objections, Conway converted a portion of the private access road into a public road without compensating plaintiffs for the conversion. Plaintiffs unsuccessfully challenged the taking in state administrative proceedings and two lawsuits filed in state court.

Plaintiffs commenced this action for declaratory relief and damages after the state court rejected their claims. They argue that Conway's uncompensated taking of the private road violates their rights under the Fifth and Fourteenth Amendments to the United States Constitution. Conway has moved to dismiss the complaint, invoking the doctrine of res judicata. I grant the motion for the related reason that their complaint is an attempt to appeal from the adverse state court rulings which this court lacks subject matter jurisdiction to consider. <u>See</u> <u>generally</u>

<u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).

## PROCEDURAL HISTORY

Conway acquired title to the private road by filing a Declaration of Taking with the New Hampshire Board of Tax and Land Appeals on May 8, 1992. The Board issued a report on April 12, 1993, finding that Conway did not owe plaintiffs any compensation.

Plaintiffs then filed separate actions in superior court challenging both the taking and Conway's refusal to compensate plaintiffs for the taking. The first action (the "compensation action") sought a *de novo* assessment of damages for the taking pursuant to N.H. Rev. Stat. Ann. § 498-A:27. The second action (the "taking action") asserted that Conway never properly acquired title to the private road.

The superior court decided the taking action first, ruling that Conway properly acquired title to the private road because plaintiffs' predecessors offered to dedicate the road for public use in the manner required by N.H. Rev. Stat. Ann. § 231:51 and Conway properly accepted the dedicated road. The state supreme court summarily affirmed this decision on February 6, 1997 and denied plaintiffs' motion for reconsideration on April 22, 1997.

The superior court decided the compensation action on September 23, 1997, by awarding summary judgment to the

defendant. In reaching this decision, the court determined that: (1) plaintiffs were collaterally estopped, from relitigating the issue of whether Conway had properly acquired title to the private road by dedication and acceptance since that issue had been resolved in the taking action; and (2) New Hampshire law provides that a person who dedicates a road for public use is entitled to recover only nominal damages. See, e.g., Waller v. Manchester, 58 N.H. 438 (1878). Plaintiffs' notice of appeal challenging the superior court's rulings in the compensation action raised the following issues:

a. Does the Fifth Amendment to the U.S. Constitution (applicable to New Hampshire through the Fourteenth Amendment), or the New Hampshire Constitution, Pt. 1, Art. 12, prohibit the taking of a private roadway by a municipality's assertion of a dedication pursuant to N.H.R.S.A. 231:51, without just compensation?

b. Does the Fifth Amendment to the U.S. Constitution (applicable to New Hampshire through the Fourteenth Amendment), or the New Hampshire Constitution, Pt. 1, Art. 12, prohibit the taking of a private roadway by a municipality's assertion of a dedication pursuant to N.H.R.S.A. 231:51, where dedication results as a matter of law, and without just showing that the required dedication was related either in nature or extent of the impact of the Plaintiffs' proposed development on the public?

c. Does R.S.A. 231:51 deprive a landowner of all property rights retained under common law after a dedication, without any consideration to just compensation?

3

The state supreme court declined to accept plaintiffs' appeal on May 29, 1998.

Plaintiffs commenced this action on July 27, 1998. Their amended complaint alleges that: (1) the taking violates the Fifth Amendment's taking clause; (2) the taking violates the plaintiffs' rights to due process because it was not preceded by an individualized determination after a hearing that the required dedication bears a rough proportionality to the impact of the proposed development; and (3) the taking violates plaintiffs' rights to due process and equal protection because plaintiffs were not accorded a *de novo* hearing on compensation issue in the superior court and were denied a hearing on their appeal in the state supreme court.

## DISCUSSION

Except in limited circumstances not presented here, the supreme court is the only federal court that has subject matter jurisdiction to review a state court judgment. Hachamovitch v. Debuono, 1998 WL 634766 *6 (2nd Cir. Sept. 16, 1998). This jurisdictional limitation, which is known as the Rooker-Feldman doctrine, extends both to claims that are actually litigated in state court and claims that were not litigated but are

4

"inextricably intertwined" with the state court judgment. Feldman, 460 U.S. at 483 n. 16. "In other words, Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); see also Wang v. New Hampshire Board of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995).

The claims plaintiffs are attempting to present in this action were either expressly litigated in the compensation action or are inextricably intertwined with the state court's rulings. As plaintiffs' notice of appeal in the compensation case makes clear, plaintiffs asked the supreme court to address the merits of their taking and pre-deprivation due process claims. Although the record does not reveal whether the plaintiffs also presented post-deprivation due process and equal protection claims in state court, these claims obviously are intertwined with the claims that were actually litigated as they arise from the court's alleged failure to consider the litigated claims in the manner required by the United States Constitution.

The Eighth Circuit Court of Appeals recently addressed the applicability of the Rooker-Feldman doctrine to state court

5

condemnation proceedings in <u>Snider v. City of Excelsior Springs</u>,
154 F.3d 809 (8th Cir. 1998). There, the court observed

> For the federal district court to order
> condemnation damages or to reinstate property
> interests would require it to determine that
> the state court had decided the condemnation
> matter wrongly: In other words, the relief
> for which the plaintiffs prayed would, if
> granted, effectively void the state court's
> judgment. Most importantly, the federal
> court would essentially be acting as an
> appeals court reviewing the state court
> judgment, which violates the <u>Rooker-Feldman</u>
> doctrine.

<u>Id.</u> at 812. The court's reasoning in <u>Snider</u> applies with equal
force in this case. Accordingly, I dismiss the plaintiffs'
claims for lack of subject matter jurisdiction.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

December 3, 1998

cc: Randall F. Cooper, Esq.
    Russell F. Hilliard, Esq.

6