**BRAZELTON CEDAR RAPIDS GROUP LC, Debtor.**

No. 00–02300–C.

United States Bankruptcy Court, N.D. Iowa.

May 2, 2001.

David Nadler, Cedar Rapids, IA, for Brazelton Cedar Rapids Group LC.

Joseph G. Bertroche, Jr., Cedar Rapids, IA, for Simmons Company.

## ORDER RE DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY SIMMONS COMPANY

PAUL J. KILBURG, Chief Judge.

On April 18, 2001, this matter came on for hearing on Debtor's Objection to Proof of Claim. Debtor Brazelton Cedar Rapids Group, L.C. was represented by Attorney David Nadler. Creditor Simmons Co. appeared through its counsel Joseph G. Bertroche, Jr. The Court concluded that the objection did not sufficiently allege grounds upon which relief could be granted. Debtor was granted an extension of time to recast its complaint. On April 20, 2001 Debtor recast its objection with more specificity allowing this Court to make a sua sponte determination of jurisdiction without the need for further hearing. This is a core proceeding pursuant to 28 U.S.C. & sect; 157(b)(2)(B).

### STATEMENT OF FACTS

Debtor is a hotel in the process of a reorganization under Chapter 11. Shortly before Debtor filed its petition in bankruptcy, Simmons received a judgment in state district court for an unpaid debt.

The debt apparently stemmed from a contract pursuant to which Simmons would provide the hotel with mattresses for its rooms in exchange for a fixed sum. The mattresses were delivered, however, Simmons never received payment. Sometime thereafter, Simmons filed suit in state court to recover the funds. Debtor neither answered nor appeared. The state court determined that the alleged material facts were true and entered a default judgment in Simmons' favor. After Debtor filed for relief under Chapter 11, Simmons filed a timely claim.

Debtor objects to the allowance of this claim. It asserts that it never had a contract with Simmons. It also asserts the claim has been paid in full to the party with whom Debtor allegedly contracted. Debtor alleges that payment for the mattresses was delivered to the third party, Ozark Contract Sales, and it is no longer responsible for the debt. The facts are unclear but it seems as though the third party, to whom the funds were delivered, was responsible for the retailing and sale to Debtor, while Simmons was the party responsible for the manufacturing of the mattresses.

Debtor is now attempting to assert that Simmons should not be allowed to file its claim in bankruptcy and it should attempt to collect the funds from the third party with whom Debtor contracted. From the record at the hearing it is not clear who has a right to payment or if Debtor mistakenly paid the wrong party. However, it is not disputed that Simmons holds a default state court judgment against Debtor which is the basis for Simmons' claim in bankruptcy.

## CONCLUSIONS OF LAW

The issue presented is whether this Court has jurisdiction to entertain Debtor's objection to Simmons' claim based on the allegations made. Two theories exist upon which this Court could proceed. The first is a federal jurisdictional rule, the Rooker–Feldman doctrine, which prohibits a federal court from reviewing state court proceedings. The second is based upon common law principles of res judicata, or claim preclusion.

### ROOKER–FELDMAN DOCTRINE

■ The Rooker–Feldman doctrine provides that lower federal courts lack jurisdiction to engage in appellate review of state court determinations. *In re Hodges,* Adv. No. 99–9159–C, slip op. at 2 (Bankr. N.D.Iowa Feb. 16, 2000). Federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court. *See* 28 U.S.C. § 1257. The Rooker–Feldman doctrine is a jurisdictional rule. Lack of subject matter jurisdiction is not susceptible to waiver and it may be raised by the court sua sponte. *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1168, 148 L.Ed.2d 1026 (2001); *In re Ferren,* 227 B.R. 279, 282 (8th Cir. BAP 1998), *aff'd,* 203 F.3d 559 (8th Cir.2000) (per curiam).

■ The doctrine forbids not only direct appeals but also indirect attempts by federal parties to undermine state court decisions. *Lemonds,* 222 F.3d at 492. Review of a claim is prohibited when the federal claim has become "inextricably intertwined" with the previously adjudicated state court claim. *Ferren,* 227 B.R. at 283. A claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). Therefore, a lower federal court does not have jurisdiction over a claim if "the relief requested

would effectively reverse the state court decision or void its ruling." *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir.1997).

In deciding whether the Rooker–Feldman doctrine prevents this Court from ruling on Debtor's objection to Simmons' claim, a determination must be made as to what the state court held and whether the relief requested by Debtor would effectively void the state court decision or require this Court to determine that the decision was wrong. *Ferren,* 227 B.R. at 283. The final determination of the state court was that an unsatisfied debt was owed by Debtor to Simmons and that Simmons had a right to payment. Debtor now attempts to assert that this obligation was satisfied prior to Simmons receiving the state court judgment. Debtor had an opportunity to present this defense in state court but failed to do so. Now Debtor is attempting to convince this Court that the state court was wrong in finding that the debt exists. A finding in favor of Debtor on his objection to the claim would necessarily entail overturning the state court judgment. This is precisely what the Rooker–Feldman doctrine prohibits. Thus, based squarely upon the Rooker–Feldman doctrine, this Court lacks subject matter jurisdiction to hear Debtor's objection.

### CLAIM PRECLUSION

■ Preclusion and the Rooker–Feldman doctrine "are closely related legal concepts." *In re Arensdorf,* Adv. No. 99–9038–D, slip op. at 3 (Bankr.N.D. Iowa June 21, 1999) (*citing In re Goetzman,* 91 F.3d 1173, 1177 (8th Cir.), *cert. denied,* 519 U.S. 1042, 117 S.Ct. 612, 136 L.Ed.2d 537 (1996)). However, as the court in *Lemonds* noted, these doctrines are not the same. *Lemonds,* 222 F.3d at 495.

Although the two rules often overlap in their practical effects, they rest on con-trasting foundations and serve distinct purposes. Thus whereas res judicata is largely a matter of common law and involves the impropriety of permitting parties to have "two bites at the apple," Rooker–Feldman is based squarely on federal law and is concerned with federalism and the proper delineation of the power of the lower federal courts. *Id.*

■ Claim preclusion is narrower than the Rooker–Feldman doctrine because a finding of res judicata requires that there be a final judgment on the merits. *Ferren,* 227 B.R. at 282 n. 7. Additionally, res judicata requires an examination of the law of the state in which the judgment was entered to determine whether that state would give that judgment preclusive effect against the claims asserted in the federal action, while Rooker–Feldman is based solely on federal law. *Id.* Furthermore, the court must find that the party against whom the defense is raised had a full and fair opportunity to pursue its claim in the previous state court proceeding. *Id.* In contrast, Rooker–Feldman does not concern itself with whether procedural due process existed in the state court proceedings. *Id.* Finally, claim preclusion is an affirmative defense where as Rooker–Feldman is a jurisdictional rule and cannot be waived by the defending party. *Id.*

■ Simply stated, the law of res judicata bars further claims by parties or their privies based on the same cause of action where there has already been a final determination on the merits. *In re Kapp,* 611 F.2d 703, 707 (8th Cir.1979) (*citing Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted

or determined in the prior proceeding." *Id.* Thus, claim preclusion may be used to establish the validity of a creditor's claim in bankruptcy. *In re Calvert,* 105 F.3d 315, 318 (6th Cir.1997); *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 90 L.Ed. 970 (1946).

Despite the general preclusive effects of the law of res judicata, certain exceptions exist and it has been recognized that bankruptcy courts have broad equitable powers to disallow and subordinate claims when equitable considerations warrant. *Kapp,* 611 F.2d at 708 (noting claim can be challenged on the ground that the rendering court lacked jurisdiction, or because the judgment was procured by fraud or collusion). Further, under the full faith and credit statute, federal courts are required to give the same preclusive effect to the judgments of state courts that would be given by the state courts where the judgments was rendered. *See* 28 U.S.C. § 1738. Therefore, it is necessary to determine whether Iowa state courts would give the default judgment procured by Simmons preclusive effect.

██ Under Iowa law, Debtor is precluded from disputing the default judgment. *Lynch v. Lynch,* 250 Iowa 407, 94 N.W.2d 105, 110 (Iowa 1959). The procedural due process requirements are deemed satisfied if the party had notice and a fair opportunity to assert its defenses. *Id.* Debtor does not dispute that it received notice of the state court proceedings. Although Debtor had every opportunity to defend the action in state court, it elected to neither answer nor appear and to permit the default judgment to be taken against it. Res judicata precludes Debtor from attempting to assert defenses in federal court when it had the opportunity to do so in state court.

## CONCLUSION

This Court must defer to the state court's judgment with regard to the existence of the debt. Under either doctrine, Debtor is precluded from objecting to the claim by alleging that it never had a legal obligation to pay Simmons directly. The state court default judgment cannot be disputed except by way of direct appeal from the Iowa district court in which the judgment was rendered. This Court lacks federal subject matter jurisdiction to hear Debtor's allegation that the obligation never existed. Further, under the law of res judicata, if the affirmative defense is asserted by Simmons, this Court is precluded from ruling on the matter. Therefore, Debtor's objection to proof of claim should be denied to the extent that it argues Simmons' claim is not legally enforceable or that the judgment is not binding in this proceeding.

Nevertheless, unresolved issues remain. These are: (1) whether interest and attorney fees are allowable; and (2) whether the claim is secured by a judgment lien on the hotel. These remaining issue are set for hearing on

### June 12, 2001 at 10:00 a.m.

in the Bankruptcy Court Room, 425 Second Street SE, 8th Floor, CEDAR RAPIDS, IOWA. The parties shall submit briefs on these issues no later than 3 days prior to hearing.