# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 11-6061

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Athens/Alpha Gas Corporation, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Thomas P. Cawley, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | District of North Dakota |
| | * | |
| v. | * | |
| | * | |
| Frank Celeste; Robert M. Hallmark & | * | |
| Associates, Inc.; Missouri Breaks, LLC; | * | |
| William R. Austin; Phoenix Energy; | * | |
| Bobby Lankford; and Erskine Williams, | * | |
| | * | |
| Appellees. | * | |

Submitted: December 8, 2011
Filed: February 1, 2012

Before VENTERS, SALADINO, and NAIL, Bankruptcy Judges.

NAIL, Bankruptcy Judge.

Thomas P. Cawley appeals the August 11, 2011 order of the bankruptcy court[1] denying his motion to determine his claim against the chapter 11 estate of Athens/Alpha Gas Corporation. We affirm.

---

[1]The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

## BACKGROUND

Athens/Alpha Gas Corporation ("Debtor") filed a petition for relief under chapter 11 on October 28, 2002. Debtor listed Cawley as a secured creditor with a noncontingent, liquidated, undisputed claim of $26,000.00.

On January 14, 2005, William R. Austin, Frank Celeste, Bobby Lankford, Erskine Williams, Robert M. Hallmark & Associates, Inc., and Phoenix Energy filed an omnibus objection to certain claims, including Cawley's. Cawley did not respond to the objection or appear at the February 17, 2005 hearing thereon. On March 15, 2005, the bankruptcy court entered an order that provided, *inter alia*, "Any secured claim asserted by Tom Cawley is disallowed in its entirety. The claim of Tom Cawley shall be allowed only as an unsecured claim, subject to this Court's disposition of said creditor's application for administrative expense claim."

The bankruptcy court denied confirmation of Debtor's proposed plan of reorganization, but on May 5, 2005, it confirmed a plan filed by Austin, Celeste, Lankford, Williams, Hallmark & Associates, and Phoenix Energy. Under the confirmed plan, Debtor's assets were transferred to a newly created limited liability company–generically referred to as "NEWCO" in the plan, but ultimately named Missouri Breaks, LLC–free and clear of any and all claims, liens, and interests, in exchange for that company's assuming the obligation to pay allowed claims as provided in the plan. Neither Cawley nor any other party in interest appealed the bankruptcy court's order confirming the plan.[2]

Before the plan was confirmed, Cawley filed an application for payment of an administrative expense of $41,779.26. Cawley alleged he owned a five percent working interest in a gas and oil well operated by Debtor and claimed that working interest entitled him to an administrative expense based on a corresponding share of Debtor's post-petition profits from the well. Austin, Celeste, Lankford, Williams,

---

[2]Debtor, however, did appeal the bankruptcy court's June 16, 2005 order denying Debtor's motion for reconsideration of the bankruptcy court's order confirming the plan. On August 3, 2005, we granted Austin, Celeste, Lankford, Williams, Hallmark & Associates, and Phoenix Energy's motion to dismiss that appeal as moot.

Hallmark & Associates, and Phoenix Energy objected to Cawley's application, and on July 18, 2005, Cawley withdrew it.

On June 20, 2006, Cawley filed a motion to determine his claims, in which he asked the bankruptcy court to allow his administrative expense claim so his unsecured claim could be paid pursuant to the bankruptcy court's March 15, 2005 order. Referring to that order, Cawley stated: "The determination of Administrative [Expense] Claim is necessary because [the bankruptcy] court's order . . . subjected the allowed unsecured claim payment to a disposition of the administrative claim." Austin, Celeste, Lankford, Williams, Hallmark & Associates, Missouri Breaks, and Phoenix Energy objected to Cawley's motion and asked the bankruptcy court to abstain from hearing it so they could commence a quiet title action in state court to determine whether Cawley in fact had a working interest in Debtor's well. On October 18, 2006, Cawley withdrew his motion.

In August 2006, Austin, Celeste, Lankford, Williams, Hallmark & Associates, Missouri Breaks, and Phoenix Energy commenced the promised quiet title action in state court to determine whether Cawley and the other defendants named in the complaint had an interest in Debtor's–now Missouri Breaks'–well. Cawley answered and counter-claimed, alleging he had an interest in the well that was preserved by the confirmed plan and further alleging he was owed $26,000.00 by Missouri Breaks under the confirmed plan. The parties filed cross motions for summary judgment, and on September 30, 2008, the state court held "the status of unpaid loan amounts claimed by Cawley were determined during bankruptcy proceedings and are therefore barred by *res judicata*" and "Cawley's failure to record the deed [transferring a five percent working interest in the well to him] prior to issuance of the confirmation order voids any interest Cawley may have had in the [w]ell." *Missouri Breaks LLC v. Burns*, Civ. No. 2006-C-104, slip op. at 17 (N.W. Jud. Dist. N.D. Sep. 30, 2008).[3]

Cawley appealed, and on November 16, 2010, the North Dakota Supreme Court affirmed the lower court's decision:

---

[3]A copy of the state court's order may be found at doc. nos. 573-1 (pp. 41-50) and 573-2 (pp. 1-7) on the bankruptcy court's docket.

Cawley did not record his asserted working interest in the well before [Debtor] filed for bankruptcy. Cawley had notice of the bankruptcy but did not file proof of his claims with the bankruptcy court, did not object to the reorganization plan which did not include his claims, and did not appeal from the bankruptcy court order confirming the plan. We conclude the district court did not err in determining Cawley's claims are barred under both state and federal law.

*Missouri Breaks, LLC v. Burns*, 791 N.W.2d 33, 43 (N.D. 2010).

While the state court action was pending, the bankruptcy court entered a final decree, and on May 11, 2007, the bankruptcy clerk closed Debtor's bankruptcy case. On June 14, 2011, Cawley filed a motion to reopen the case–which the bankruptcy court granted the same day–and another motion to determine his claims, supported by a brief in which he clarified he was seeking a determination that: (1) he was owed $26,000.00 on account of his unsecured claim; (2) he owned a five percent working interest in the gas and oil well formerly operated by Debtor and now operated by Missouri Breaks; and (3) because he owned a working interest in the well, he was owed $64,000.00 as an administrative expense. Austin, Celeste, Lankford, Williams, Hallmark & Associates, and Phoenix Energy objected to both motions. On August 11, 2011, the bankruptcy court entered its order, in which it agreed with the North Dakota Supreme Court "that Cawley's claim to the $26,000.00 and his claim to have a working interest in the well were barred by *res judicata*" and accordingly denied Cawley's motion to determine his claims. Cawley timely appealed.

DISCUSSION

While the bankruptcy court based its decision on *res judicata*, "[w]e may affirm the bankruptcy court's order on any basis supported by the record, even if that ground was not considered by the trial court." *Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club, LLC)*, 431 B.R. 830, 836 n.16 (B.A.P. 8th Cir. 2010) (citation therein), *aff'd*, 636 F.3d 467 (8th Cir. 2011). The questions raised by Cawley's motion–whether he was owed $26,000.00 on account of his unsecured claim and whether he owned a five percent working interest in the gas and oil well formerly operated by Debtor and now operated by Missouri Breaks–were submitted

to and decided by the North Dakota state courts.[4] Both Cawley's motion to determine his claims and this appeal thus implicate the *Rooker-Feldman* doctrine, which is derived from the holdings in two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Under *Rooker-Feldman*, lower federal courts, such as bankruptcy courts, do not have subject matter jurisdiction over challenges to decisions made by state courts in judicial proceedings. *Bunch v. Hoffinger Industries, Inc.* (*In re Hoffinger Industries, Inc.*), 329 F.3d 948, 950 (8th Cir. 2003) (citations therein). Put another way, "*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998) (citation therein). The state and federal claims need not be identical. A lower federal court may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. *Goetzman v. Agribank, FCB* (*In re Goetzman*), 91 F.3d 1173, 1177 (8th Cir. 1996) (citation therein). A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." *Snider*, 154 F.3d at 811.

The doctrine is not without its exceptions, at least in some jurisdictions. *See Singleton v. Fifth Third Bank of Western Ohio* (*In re Singleton*), 230 B.R. 533, 538 (B.A.P. 6th Cir. 1999) (collecting cases). However, the Eighth Circuit Court of Appeals has generally been unwilling to create such exceptions. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035-36 (8th Cir. 1999). *See Ferren v. Searcy Winnelson Company* (*In re Ferren*), 203 F.3d 559, 560 (8th Cir. 2000) (*per curiam*) (specifically rejecting an exception to *Rooker-Feldman* that would permit a lower federal court to collaterally attack an erroneous state court construction of a bankruptcy discharge that was void *ab initio* under 11 U.S.C. § 524(a)(1)).

---

[4]State courts have concurrent jurisdiction to consider bankruptcy issues arising from chapter 11 cases. *Apex Oil Co. v. Sparks* (*In re Apex Oil Co.*), 406 F.3d 538, 542 (8th Cir. 2005).

In this case, the state courts held Cawley was barred from recovering the $26,000.00 he lent Debtor; by his motion to determine his claims, Cawley asked the bankruptcy court to find he was owed the same $26,000.00. The state courts further held the deed transferring a five percent working interest in the gas and oil well to Cawley was void; by his motion, Cawley asked the bankruptcy court to find he owned the same five percent working interest in the well, both to establish his ownership interest and to provide the basis for his request for payment of an administrative expense. Cawley cannot prevail on his motion unless the state courts were wrong, which under *Rooker-Feldman* is another way of saying he cannot prevail. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1066 (8th Cir. 1997) (citation therein) (quotation marks omitted).

## CONCLUSION

Because the bankruptcy court lacked subject matter jurisdiction to hear Cawley's motion to determine his claims, we affirm the bankruptcy court's order denying Cawley's motion.[5]

--------

[5]Appellees filed a motion for sanctions under Fed.R.App.P. 38, which we have treated as a motion under Fed.R.Bankr.P. 8020. Pursuant to that rule, "[i]f a . . . bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed.R.Bankr.P. 8020. We have carefully considered the parties' submissions, and we have determined Cawley's appeal is not frivolous. Accordingly, we deny Appellees' motion.