GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.
 

 The defendant-appellant in this case, Douglas W. Troup, was divorced from the plaintiff-appellee, Pamela M. Troup, on March 22, 1982. The divorce judgment incorporated the terms of the parties’ Separation Agreement, signed on March 5, 1982. The Agreement provided (emphasis added):
 

 2. Division of Property
 

 [[Image here]]
 

 d) Alimony: The parties agree that neither shall pay any continuing periodic alimony payment to provide for the support of the other after February 1, 1982, and further agree that neither will at any time in the future seek any such continuing periodic alimony payment, it being agreed that the
 
 disposition of property herein provided is in lieu of any future continuing alimony payment.
 

 [[Image here]]
 

 3. Prior Debts
 

 Husband agrees to pay any marital debts incurred by the parties including but not limited to May Co., J.C. Penney Co., Sears, Mastercharge, Higbees, Hornes, Winklemans, and Sun America
 
 holding wife harmless from any default for nonpayment from the date of the signing of this Agreement....
 

 4. Child Support, Custody and Visitation
 

 The Husband shall pay as child support the amount of $250 per month to be allocated between the two minor children of the marriage plus poundage for the care, maintenance, and support of the minor children.... On February 1, 1984, child support shall automatically increase to $35 per week per child plus poundage.
 

 On April 13, 1982, Douglas Troup (“husband”) filed a petition for voluntary bankruptcy, seeking in the petition to discharge $1952.10 in marital debts covered by the Agreement above. On August 30, 1982, Pamela Troup (“wife”) filed a complaint alleging that the marital debts are non-dis-chargeable under 11 U.S.C. § 523(a)(5).
 
 *
 
 She filed with her complaint an affidavit from her attorney stating that the wife accepted lower child support for the first two years of the Agreement in exchange for the husband’s assumption of the marital debts. If not for this exchange, wife would not have agreed to lower child support payments. The parties intended, the
 
 *466
 
 attorney stated, that the payment of prior debts be equivalent to a lump sum alimony payment.
 

 The Bankruptcy Court agreed with the wife, holding the debts nondischargeable under 11 U.S.C. § 523(a)(5). The court made the following finding of fact:
 

 8. The agreement to pay the marital debts was intended to be a necessary and inseparable part of the maintenance and support of plaintiff and her two minor children.
 

 The court made the following conclusion of law:
 

 After reviewing the facts in this case, it is clear to this Court that the agreement to make child support payments and to pay a number of marital debts was intended, and was actually in the nature of alimony, maintenance or support. The separation agreement itself notes that the disposition of the property is in lieu of periodic alimony. It did not state the parties waived this right to alimony; rather it stated that the disposition of the property was in place of alimony. Furthermore, it is also clear that plaintiff reduced her request for child support payments for two years, in consideration of the defendant satisfying their mutual debts. It is clear that this particular provision reflects the intent of the parties to have defendant pay the mutual debts in substitution of alimony or child support. The Court, therefore, finds that the sum of $1,952.10 due plaintiff, Pamela M. Troup, is nondischargeable.
 

 The District Court, holding that the bankruptcy court’s findings were not clearly erroneous, affirmed its judgment.
 

 On appeal to this court, appellant raised two issues. He first contends that the bankruptcy court denied defendant a fair hearing. We note, however, that the informal off-the-record hearing in the Judge’s chambers was agreed to by all parties at the time and no objections were raised before the bankruptcy court nor before the District Court. We find no merit to appellant’s statement of this issue, nor do we find any demand for a jury trial in this record.
 

 The second issue is whether or not the bankruptcy court erred in holding the marital debts nondischargeable under § 523(a)(5). Under this issue, the question that is posed is whether the agreement between the parties was in the nature of alimony or whether it was a property settlement.
 

 This court has recently held in
 
 Long v. Calhoun,
 
 715 F.2d 1103 (6th Cir.1983), that § 523(a)(5) does not require alimony support or maintenance payments to be made directly to the spouse for them to be non-dischargeable. “Hold harmless” clauses such as the one employed in this case can create nondischargeable obligations.
 
 See Calhoun, supra,
 
 1106-07.
 
 Calhoun
 
 also holds that the bankruptcy court’s determination of whether a loan assumption constitutes a nondischargeable support obligation is a factual finding only reviewable in the court of appeals under the clearly erroneous standard of Fed.R.Civ.P. 52.
 

 While we recognize that the bankruptcy court, not having our
 
 Calhoun
 
 case before it, did not make the complete analysis suggested therein, we nonetheless affirm the decision of both courts below since our review of the record does not allow us to find that the bankruptcy judge’s findings are clearly erroneous.
 

 The judgment of the- District Court is affirmed.
 

 *
 

 Appellant listed as debts to be discharged the joint obligations payable directly to the creditors and his wife's unsecured claim that he would hold her harmless on the joint debts.