**In re Richard A. HEUSER, d/b/a Heuser Enterprises, a/k/a Execu–Craft, a/k/a Smokey Bear Properties, a/k/a Sunshine–Kustoms, Debtor.**

**FLORIDA MUNICIPAL SELF INSURERS FUND, Plaintiffs,**

v.

**Rick A. HEUSER, Defendants.**

**Bankruptcy No. 90–07320.**
**Adv. No. 90–9070.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

May 10, 1991.

**896**

William H. Hughes, III, Tallahassee, Fla., for plaintiffs.

Charles A. McMurry, Tallahassee, Fla., for defendants.

Mark Freund, Trustee.

## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Plaintiff's, Florida Municipal Self Insurers Fund, motion for summary judgment against the Defendant, Rick A. Heuser, the Chapter 7 debtor. The plaintiff's complaint seeks a determination that the debt owed by the debtor to the plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6).

On October 11, 1989 the plaintiff brought a state court action against the debtor alleging that the debtor knowingly and fraudulently represented that the plaintiff's funds of $26,372 would be used to purchase and modify a new van; and, that the debtor willfully and maliciously converted the funds for his own use. The plaintiff obtained a default judgment, recorded on January 10, 1990, from the state court which contained findings that the debtor obtained the funds by use of false pretenses or false representations; he willfully and maliciously converted those funds; and, he obtained the funds with the intent to appropriate the money for his own use, thereby damaging the plaintiffs. The state court awarded the plaintiff damages in the amount of $29,058.50.

Thereafter, on August 16, 1990, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On December 7, 1990 the plaintiff filed this adversary proceeding seeking exception to the discharge of the state court judgment. The plaintiff's complaint alleges that the debt should be found nondischargeable under Bankruptcy Code § 523(a)(2)(A), (a)(4), and (a)(6) because the debtor knowingly and fraudulently represented that the funds would be used to purchase and modify a new van; he obtained the funds by embezzlement or larceny; and, he willfully and maliciously converted the funds.

In its motion for summary judgment, plaintiff argues that this Court should give full faith and credit to the state court judgment and find that the application of collateral estoppel results in there being no issues of material fact to be determined in this adversary proceeding.

The issue in this case is whether the plaintiff is entitled to summary judgment in a dischargeability action on the basis of collateral estoppel because it has obtained a default judgment in state court on the same issues. To determine whether the plaintiff is entitled to summary judgment a number of issues must first be addressed: 1) Whether collateral estoppel applies in dischargeability litigation; 2) Whether a default judgment precludes the debtor from attempting to relitigate the issues in a dischargeability proceeding; and, 3) Whether any federal statute expressly or impliedly excepts the normal application of the full faith and credit statute, 28 U.S.C. § 1738.

Bankruptcy Judge Lundin thoroughly analyzed a situation very similar to the case at hand in *In re Byard*, 47 B.R. 700 (Bkrtcy.M.D.Tenn.1985). In that case, the plaintiff obtained a default judgment against the defendant in state court. The defendant then filed bankruptcy. The plaintiff filed a claim and initiated an adversary proceeding against the debtor objecting to the discharge of the judgment and alleging false pretenses and embezzlement by the debtor which resulted in willful and malicious injury to the plaintiff.

The court first considered whether 28 U.S.C. § 1738, the "full faith and credit" statute, would require him to apply collateral estoppel rules in the dischargeability action. Under § 1738 "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Byard* 47 B.R. at 701, *quoting Migra v. Warren City School District Board of Education*, 465 U.S. 75, 83, 104 S.Ct. 892, 896, 79 L.Ed.2d 56, 64 (1984). Relying on a Sixth Circuit decision, the court found that "collateral estoppel does apply as a general principle in dischargeability litigation." *Id.*

47 B.R. at 703. Since *Byard* was determined, the Supreme Court, in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), has clearly stated that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Id.* —— U.S. at ——, n. 11, 111 S.Ct. at 658, n. 11, 112 L.Ed.2d at 763, n. 11.

The court next considered which rules of collateral estoppel would be applicable. Citing to other Supreme Court decisions, *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) and *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1984), it found that it was necessary to consider the effect that the State would give to the default judgment. The two Supreme Court decisions stated that "§ 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897, 72 L.Ed.2d at 280, *Marrese*, 470 U.S. at 380, 105 S.Ct. at 1332, 84 L.Ed.2d at 281. This result is further supported by the Supreme Court's decision in *Grogan.*

In *Grogan*, the Court evidenced a concern for judicial economy in determining that the appropriate burden of proof in dischargeability actions was the preponderance of the evidence. The application of the state collateral estoppel rules, rather than the common law or federal rules, will further prevent additional litigation on the same issues.

After determining that the State rules of collateral estoppel were applicable, the court in *Byard* considered a second test required by *Marrese*. *Marrese* requires that after it is determined whether the "state of origin would give preclusive effect to the judgment, the court must determine whether any federal statute expressly or impliedly excepts to the normal application of § 1738." *Byard* 47 B.R. at 706, *citing Marrese*. The court could find noth-

**898**

ing in Bankruptcy Code § 523 or in Congressional statements that would indicate that § 1738 should not be given its normal application in § 523 actions.

 We agree with Judge Lundin that there is not any indication that § 1738 should not be applied in § 523 actions. Additionally, the Supreme Court in *Grogan* determined that collateral estoppel does apply as a general principle in dischargeability litigation and that the court should apply the State's preclusion rules. The remaining issue for us to determine in the instant case is what, if any, preclusive effect would Florida courts give to the default judgment.

In Florida, "a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the first action and every fact necessary to uphold the default judgment." *Perez v. Rodriguez*, 349 So.2d 826, 827 (Fla. 3d DCA 1977). Further, a judgment by default is as conclusive as a judgment on the merits. *Martino v. Florida Insurance Guaranty Ass'n*, 383 So.2d 942 (Fla. 3d DCA 1980).

Bankruptcy Code § 523 excepts from discharge any debt

(2) for money ..... to the extent obtained by—
   (A) false pretenses, false representations, or actual fraud....;
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
(6) for willful and malicious injury by the debtor to another entity or to property of the entity.

The plaintiff in this case has received a default judgment finding that the debtor obtained the funds by use of false pretenses or false representations; he willfully and maliciously converted those funds; and, he obtained the funds with the intent to appropriate the money for his own use, thereby damaging the plaintiffs. Whereas the plaintiff alleges the same facts as alleged in the state court action, the debtor is precluded, under Florida law,

from raising any defenses to the plaintiff's dischargeability action. Consequently, the plaintiff is entitled to a summary judgment finding that, pursuant to § 523(a)(2)(A), (a)(4), and (a)(6), the plaintiff's claim against the debtor is excepted from discharge.

A final judgment will be entered in accordance herewith.

DONE AND ORDERED.