**In re Patrick A. CHANEY, Debtor.**

**M. Aline Chaney, Plaintiff,**

**v.**

**Patrick A. Chaney, Defendant.**

**Bankruptcy No. 97–13565–MWV.**

**Adversary No. 97–1374–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 4, 1999.

Jennifer Rood, Backus, Meyer, Solomon, Rood & Branch, Manchester, NH, for the Plaintiff.

Jean Marie Papelian, McLane, Graf, Raulerson & Middleton, Manchester, NH, for the Defendant.

Jeffrey Schreiber, Schreiber & Associates, Danvers, MA, trustee.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, Assistant U.S. Trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, filed by Patrick A. Chaney ("Defendant") against M. Aline Chaney ("Plaintiff"). The Defendant seeks a determination that no genuine issues of material fact exist as to whether certain divorce obligations under a divorce decree are in the nature of alimony, maintenance or support pursuant to 11 U.S.C. § 523(a)(5) and (a)(15), and therefore, as a matter of law, he is entitled to judgment entered in its favor. For the reasons set out below, the Court denies the Defendant's summary judgment motion.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On December 17, 1997, the Plaintiff filed her complaint alleging that the Defendant's debts owed to her under a judgment of divorce should be excepted from discharge pursuant to section 523(a)(5) and (a)(15) of the Bankruptcy Code. In 1987, the Plaintiff and Defendant separated and executed a Compromise and Community Property Settlement Agreement. On October 17, 1989, the Baton Rouge Family Court in Louisiana entered a judgment of divorce. Under the judgment of divorce, the Defendant was to pay the Plaintiff $735 for "child support for the minor child of the marriage," and $958.43 ($600 of this amount paid the mortgage on the parties' marital home), or $1,693.43 monthly (collectively the "marital debts").

(Pl.'s Comp. Exh. B at 1; Judgment of Divorce at 1).

In 1996, the Plaintiff initiated a collection action to collect the marital debts under the judgment of divorce, and in September 1997 the Nineteenth Judicial District Court for the Parish of East Baton Rouge ("Louisiana state court") entered a judgment against the Defendant herein ("1997 Judgment"). The Debtor/Defendant filed his voluntary petition on September 25, 1997.

## DISCUSSION

The Defendant's summary judgment motion avers that no material fact is in dispute and summary judgment should be granted in his favor under section 523(a)(5) and (a)(15) of the Bankruptcy Code. *See* 11 U.S.C.A. § 523(a)(5) and (a)(15) (1988 & Supp.1998). Specifically, the Defendant alleges that summary judgment should be granted (1) under section 523(a)(5) because this Court does not have subject matter jurisdiction because the *Rooker–Feldman* doctrine precludes the Plaintiff from re-litigating the 1997 Judgment; and (2) under section 523(a)(15) the Defendant does not have the ability to pay the marital debts.

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (1997). The Court may not resolve issues of fact, but may only decide if they exist. *United States v. Articles of Device,* 527 F.2d 1008, 1011 (6th Cir.1976); *Aetna Ins. Co. v. Cooper Wells & Co.,* 234 F.2d 342, 345 (6th Cir.1956). "Genuine," in the context of Rule 56(c), means that "the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party...." *Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 36 (1st Cir.1993) (internal quotation marks and citations omitted). "Material," in the context of Rule 56(c), means that the fact has "the potential to

affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). Thus, in order to grant the Defendant's summary judgment motion, this Court "must examine all facts established by the record before it and conclude that, under the applicable substantive law, no reasonable factfinder could possibly return a verdict in favor of the nonmoving party." *Boyd v. Dock's Corner Assocs.,* 135 B.R. 46, 53 (Bankr. W.D.Mich.1991).

■ Section 523(a)(5) of the Defendant's motion for summary judgment is denied for the following reasons: first, the intent of the divorce court, until precedent mandates otherwise, will always be a matter of fact.

The District Court of New Hampshire has stated:

The sole error in the Bankruptcy Court's carefully reasoned opinion is that it treated its inquiry into the intention of the state divorce court and the parties as raising a question of law rather than an issue of fact. As cases in other jurisdictions have recognized, the intention of the state court and the parties in claims based upon 11 U.S.C. § 523(a)(5) is a fact to be found rather than a legal conclusion to be drawn. *Adams,* 963 F.2d at 200 ("In deciding whether to characterize an award as maintenance or support, 'the crucial issue is the function the award was intended to serve.' This is a question of fact to be decided by the bankruptcy court." (citation omitted)); *In re Troup,* 730 F.2d 464, 466 (6th Cir. 1984); *see also Gianakas,* 917 F.2d at 762.

Although the parties do not characterize their disagreement as a factual dispute, their arguments turn on the inferences that the Bankruptcy Court should draw from the evidence regarding the state divorce court's intentions. Thus, their arguments concern a disputed material fact

which cannot be resolved through motions for summary judgment.

*Coe v. Johnson,* No. 92–500–B, 1993 WL 724808, at *1, 2 (D.N.H. May 10, 1993) (internal citations corrected).

■ Second, the *Rooker–Feldman* doctrine does not operate to preclude this Court from making a determination under section 523(a)(5). The Defendant raises the *Rooker–Feldman* doctrine to assert that a decision by this Court under section 523(a)(5) would effectively nullify the 1997 judgment [1] under which the Louisiana state court determined that "the language contained in the judgment of divorce was a ratification of the community property agreement and was not child support." (Def.'s Mem. of Law in Supp. of Mot. for Summ. J., Exh. 3 at 3–4.) The *Rooker–Feldman* doctrine is the descendant of two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (*"Feldman"*), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The upshot of these two cases is that a "United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303. The doctrine applies to claims actually raised in the state court and claims that are "inextricably intertwined" with the state court's judgment. *Id.* at n. 16.

■ As that Eleventh Circuit has stated, an important limitation on the *Rooker–Feldman* doctrine is "when the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir.1996). In this situation, the federal claim is not "inextricably intertwined" with the state court claim. Similarly, the Plaintiff herein had no opportunity to raise a section 523(a)(5) claim in the Louisiana state court. The 1997 judgment was entered fifteen days before the Defendant filed for bankruptcy. Therefore, the Court finds that the 1997 judgment is not

"inextricably intertwined" with section 523(a)(5) and does not preclude this Court from making a determination under this section. Under section 523(a)(5), whether a divorce obligation should be characterized as property or support is a matter of federal law. The Plaintiff is not seeking a review of the 1997 judgment in this Court, which, the Court notes, turned on the interpretation of the 1987 Community Property Settlement Agreement. Rather, the Plaintiff seeks an independent review of the judgment of divorce under section 523(a)(5), which is a core proceeding in bankruptcy courts.

■ Finally, the Court finds that res judicata and collateral estoppel do not preclude this Court from making its determination under section 523(a)(5). Although the Defendant correctly notes that state and bankruptcy courts have concurrent jurisdiction under section 523(a)(5), the Louisiana state court did not render its decision while the Defendant was in bankruptcy. Claim preclusion under the doctrine of res judicata bars re-litigation of the same claim where a final judgment on the merits was entered by a court of competent jurisdiction. *See Monarch Life Ins. Co. v. Ropes & Gray,* 65 F.3d 973, 978 (1st Cir.1995). As stated earlier, the Louisiana state court did not render the 1997 judgment under section 523(a)(5); indeed, any mention of bankruptcy is conspicuously absent. Additionally, issue preclusion, or collateral estoppel, is equally inapplicable in the case at bar. A party seeking to apply collateral estoppel must show that "the party against whom issue preclusion will be applied had a fair opportunity to litigate the issue fully." *Id.* (*citing Kyricopoulos v. Town of Orleans,* 967 F.2d 14, 16 (1st Cir.1992)). Again, neither party actually litigated the issue of whether, under section 523(a)(5), the Defendant's obligations under the judgment of divorce itself were in the nature of support or property.

Therefore, the Court denies the Defendant's summary judgment motion as pertaining to section 523(a)(5).

1. The Louisiana state court entered its 1997 judgment on September 10, 1997, fifteen days before the Defendant filed bankruptcy.

Further, with respect to section 523(a)(15), the Court denies the Defendant's motion for summary judgment because whether the Defendant's current financial circumstances afford him an ability to pay these debts or not, in addition to the Plaintiff's comparative financial ability, are both questions of fact.

Therefore, for the aforementioned reasons, the Defendant's motion for summary judgment is denied. This opinion constitutes the Court's findings of facts and conclusions of law in accordance with Federal Rule of Procedure 7052. The Court will issue an order consistent with this opinion.