In re Michael G. GREGG, and
Mary Gregg, Debtors.

James Spires, and Michelle
Spires, Plaintiffs,

v.

Michael Gregg, Defendant.

Bankruptcy No. 00–41459–PNS3.
Adversary No. 00–80049.

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

Sept. 24, 2001.

Martin S. Lewis, Pensacola, FL, for Plaintiffs.

Jerry W. Gerde, Panama City, FL, for Defendant.

William J. Miller, Jr., Tallahassee, FL, trustee.

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, JR., Bankruptcy Judge.

THIS CASE was heard by the Court on July 26, 2001 upon Plaintiffs James and Michelle Spires' motion for summary judgment. The Spires brought a nondischargeability action under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) to prevent Defendant/Debtor Michael Gregg from discharging a debt secured by a consent judgment entered in the state circuit court in and for Walton County, Florida. For the reasons explained more fully below, the plaintiffs' motion for summary judgment is denied. This Court has jurisdiction under 28 U.S.C. §§ 151, 157(b)(2)(I), and 1334.

## Factual and Procedural History

The Spires' hired Gregg to serve as general contractor for the construction of a new home. The Defendant experienced financial difficulties related to the bid price and change orders, and claimed that he could not complete the job as priced. The parties dispute whether Gregg fraudulently induced the Spires to provide additional funding to Gregg to continue the job. In any event, the Plaintiffs incurred additional costs in securing completion of the house, and they sought repayment from the Defendant. On December 20, 1997, Gregg signed a promissory note for $100,000.00 at 9% interest. Defendant did not meet the terms of the note, and the Spires' sued Gregg in state court. The lawsuit, in three counts, alleged breach of the construction contract, nonpayment of the promissory note, and fraud with respect to the use of the monies advanced to Gregg, and lien waivers received pertaining to subcontractors.

A settlement agreement was reached on April 27, 1999. A consent judgment was entered on June 4, 1999, for $85,000.00 plus interest, payable at $500 per month for 36 months, with a balloon payment due at the end of the installment payment period. The judgment included a nonexecution clause and a nondischargeability in

bankruptcy clause. Neither the judgment nor the settlement agreement specifically addressed the allegations in the complaint, nor did they contain any factual findings. An amended final judgment [1] was entered on April 4, 2000, following the failure of the Defendant to make installment payments on the consent judgment. The amended judgment did not specify any particular count of the complaint on which it was entered.

The Defendant then filed for bankruptcy. The judgment is listed in Schedule F of the Debtors' petition for $91,996.00. The Plaintiffs' adversary complaint seeks to deny dischargeability of the judgment debt, citing to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).[2] The Plaintiffs' motion for summary judgment argues that the doctrine of collateral estoppel applies to this case, asserting that "since none of the facts upon which the Plaintiff's claims of nondischargeability under Sect.[ions] 523(a)(2)(A) and 523(a)(4) are in dispute, there is no genuine issue of material fact, as to this claim." The motion argues that the claim before the Court was already litigated between the same parties and with same facts, and that the "proof" of fraud in the underlying case precludes any defense against that same issue in the bankruptcy court.

---

1. The Amended Judgement:

   The Court having considered the Settlement agreement of the parties, the earlier Orders of this Court, and the Affidavit of James Spires, M.D., and being otherwise duly advised in the premises, it is thereupon ORDERED AND ADJUDGED that the Plaintiffs, JAMES SPIRES, M.D. and MICHELLE SPIRES, Wife shall recover from the Defendant, MICHAEL GREGG, the sum of $85,000.00 + interest which is the subject matter of the above-styled cause, which shall bear interest at the legal rate and for all of which let execution issue.
   • This judgment is nondischargeable in bankruptcy.

   • The Court reserves jurisdiction to award attorney's fees and costs.

2. § 523. Exceptions to discharge: (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
   (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

The Plaintiffs' motion for summary judgment is also based on the doctrine of res judicata. The motion alleges that "fraud by [Gregg], and embezzlement by [Gregg] of construction funds advanced to him by the Plaintiffs were specifically pleaded in the Plaintiffs' [state court case], upon which the [state court's amended] final judgment was ultimately entered." Plaintiffs suggest that a state court consent judgment on counts including the fraud count means that a judgment was taken on the fraud count. The Defendant contends that there was neither an admission of nor evidence of fraud in the state court case. The Defendant asserts that the Plaintiffs have not satisfied the elements for summary judgment as a matter of law.

## Analysis

The controlling rule for summary judgment, Federal Rule of Civil Procedure 56, is incorporated into Federal Rule of Bankruptcy Procedure 7056. Summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). "In reviewing a motion for summary judgment, the court must consider all the evidence in the light most favorable to the non-movant." *Earley v. Champion Int'l. Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368–69 (11th Cir.1982).

For the Plaintiffs to prevail on the instant motion for summary judgment, they must show that the consent judgment entered in the state court constitutes sufficient proof of fraud so as to foreclose the possibility of any other finding in the dischargeability action in the bankruptcy court. The Plaintiffs argue that the entry of the judgment that adjudicated all counts of the underlying lawsuit included the fraud count, thus preventing the Defendant from relitigating the allegations of fraud made by the Plaintiffs in the action at bar.

## Collateral Estoppel

Collateral estoppel is a device that may be employed to "preclude relitigation of facts actually and necessarily litigated in a state court action." *In re Halpern*, 810 F.2d 1061, 1063 (11th Cir. 1987). In this case, it relates to whether the Spires' prevail on the issue of whether the fraud count was proven at the state court so that relitigation of the fraud issue would be duplicative in the bankruptcy court. The Eleventh Circuit identified the elements that must be present in order for issue preclusion, or collateral estoppel, to be applied:

1) the issue at stake must be identical to the one involved in the prior litigation;

2) the issue must have been actually litigated in the prior litigation, and;

3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*Halpern* at 1064 (internal citation omitted).

In *Halpern*, the parties entered into a consent judgment in a state court action for $337,000.00. Halpern could satisfy the judgment by making payments totaling $250,000.00 pursuant to a specified payment schedule. Halpern admitted certain facts that constituted an admission of fraud. Those facts were set forth in detail in the judgment, which also contained a statement excepting the judgment from a discharge in bankruptcy. Halpern then

filed a Chapter VII bankruptcy under the Bankruptcy Act, and the plaintiff brought its dischargeability suit. The plaintiff bank moved for summary judgment. It alleged that Halpern was collaterally estopped by the state court judgment from relitigating the facts that formed the basis for the creditor's claim of nondischargeability. The creditor plaintiff's position was that there were no material facts in dispute and that the judgment debt was nondischargeable because it arose due to the fraudulent acts of Halpern.

The bankruptcy court applied collateral estoppel, and granted the motion for summary judgment, holding the debt nondischargeable. The bankruptcy court ruling pointed out that the state court findings of fact were detailed and carefully drawn, that the defendant did not deny the factual findings of the consent judgment, and that Halpern presented no additional evidence suggesting that the findings of fact should not be given their clear meaning.

█ The *Halpern* panel found the "issues at stake" in the dischargeability action to be "the detailed factual findings in the state court consent judgment." *Id.* at 1064. In examining a case where there had been actual litigation until settlement, the court chose to look instead to conduct and intent of the parties as ultimately manifested in the judgment, or other evidence of active litigation. *Halpern* at 1064. The Eleventh Circuit found the inclusion of detailed findings of fact in the state court judgment satisfied the "critical and necessary" element, and affirmed the district court, which had affirmed the bankruptcy court. Thus, *Halpern* stands for the proposition that when a current issue is identical to the issue in the prior proceeding (fraud), and that issue was actually litigated in the prior case, and the findings of fact in the prior case are detailed enough to preclude any other finding

of fact in the matter before the bankruptcy bench, that the issue in question is precluded from further litigation.

█ Bankruptcy courts must apply the state's preclusion rules in determining whether a state court judgment has preclusive effect in a dischargeability proceeding. *In re Heuser*, 127 B.R. 895 (Bankr. N.D.Fla.1991). Under Florida law, a fourth element requires that the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir.1993). The additional element is not a barrier to a collateral estoppel inquiry in the case at bar, as the standard in both the state court and bankruptcy court actions is the preponderance of the evidence.

In *In re Green*, 262 B.R. 557, 563 (Bankr.M.D.Fla.2001), the bankruptcy court engaged in a detailed analysis of the "critical and necessary" element. There, as in the instant case, the bankruptcy court was faced with a judgment creditor's assertion of issue preclusion arising from a state court judgment. The plaintiff creditor sought to preclude the debtor's defenses of a dischargeability action based on the state court default judgment. The defendant debtor did not answer a five count state court complaint that included a count for fraudulent misrepresentation. The state court default final judgment made no reference to any individual cause of action when it was entered. Judge Glenn denied the creditor's complaint for nondischargeability and denied reconsideration of the final judgment, stating:

> [t]he default judgement rendered by the state court does not recite a basis for the judgment. The basis for the judgment could be any of the counts of the complaint, and does not necessarily presuppose fraud on the part of the Defendant. It cannot be determined from the

**300**

record that the first and third tests of *St. Laurent* are met.

. . . .

Where the prior final judgment made only a single monetary award with respect to a multi-count complaint, and it cannot be determined which of the allegations were essential to the judgment, the doctrine of collateral estoppel should not be applied because it cannot be shown that any particular allegations in the complaint were "critical and necessary" to the judgment.

*Green* at 562, 567.

■ Where fraud and breach of contract are separately alleged in different counts within the same complaint, as in the case before me, and the prior court's judgment addresses the complaint without any indication of its basis for decision, there is a question as to whether both or either action was essential to the judgment. The presence of that question precludes the entry of summary judgment favoring the movant creditor relying on a broadly worded judgment arising from a prior multi count lawsuit.

## Res Judicata

The Plaintiffs also sought summary judgment under a theory of res judicata, by asserting that "[f]raud . . . and embezzlement . . . of construction funds advanced . . . by Plaintiffs . . . were specifically pleaded in the Plaintiffs' . . . complaint, upon which the . . . final judgment was ultimately entered." *Plaintiffs' Motion for Summary Judgment*, ¶ 8, page 2–3. Essentially, Plaintiffs' argument is that because the state court judgment contains nondischargeability language, the bankruptcy court is precluded from doing anything other than affording the nondischargeability language full faith and credit. Plaintiff asserts that Defendant cannot raise the claim of nondischargeability because it was already decided by state court in the amended judgment's treatment of the fraud count.

■ Res judicata ensures the finality of decisions. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Under res judicata, a "final judgment on the merits bars further claims by parties . . . based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank.*, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940). "Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." 442 U.S. at 131, 99 S.Ct. 2205. However, the use of claim preclusion does not come without costs. "Because res judicata may govern grounds and defenses not previously litigated . . . it may blockade unexplored paths that may lead to truth. . . . It therefore is to be invoked after careful inquiry." *Id.* at 132, 99 S.Ct. 2205.

■ A party seeking to invoke the doctrine [of res judicata] must satisfy four initial elements:

1) the prior decision must have been rendered by a court of competent jurisdiction;

2) there must have been a final judgment on the merits;

3) both cases must involve the same parties of privies; and

4) both cases must involve the same causes of action.

*In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir.2001) (internal citations omitted). The court next determines whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies. *Id., citing to In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.1990). The burden is on the party asserting res judicata to show that the later-filed suit is barred. *Id., citing to Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir.1990).

 Going all the way back to the 1970 amendments to the Bankruptcy Act, Congress intended the bankruptcy courts to decide issues of dischargeability, not state courts. *See Felsen* at 135–137 and n. 7, 99 S.Ct. 2205. Bankruptcy courts "have exclusive jurisdiction to determine when debts are dischargeable ...." *Halpern* at 1063. "[T]he bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of ... debt." *Felsen* at 138–139, 99 S.Ct. 2205.

 In the case before me, the first element of the test was not met. The judgement, to the extent it purported to determine the dischargeability of the debt, did not arise out of a court of competent jurisdiction; the state court has no jurisdiction over claims of nondischargeability of debt. Therefore, the employment of the doctrine must fail, since "[i]f even one of these elements is missing, res judicata is inapplicable." *Piper* at 1296. A trial on the merits of the dischargeability claim must be held to determine whether or not the judgment debt is dischargeable in bankruptcy.

## Conclusion

Since neither the settlement agreement nor the judgment entered in the state court proceedings demonstrate that the fraud allegations were a "critical and nec-

essary" part of the final judgment, Plaintiffs are not entitled to summary judgment based on the doctrine of collateral estoppel. Furthermore, since this court has exclusive jurisdiction over the issue of dischargeability under 11 U.S.C. §§ 523(a)(2) and (a)(4), the state court judgment declaring the debt to be nondischargeable in bankruptcy is not entitled to res judicata.

Accordingly, Plaintiffs' motion for summary judgment is DENIED.