**In re Ramon K. ZIADEH, Linda Anne Ziadeh, Debtors.**

**Zio Johnos Inc., Plaintiff,**

v.

**Ramon K. Ziadeh, Defendant.**

**Bankruptcy No. 01–01059.
Adversary No. 01–9185.**

United States Bankruptcy Court,
N.D. Iowa.

March 27, 2002.

Michael L. Mollman, Cedar Rapids, IA, for Lynda Anne Ziadeh and Ramon K. Ziadeh.

Michael E. Currans, Omaha, NE, for Ameriquest Mortgage Co.

Renee K. Hanrahan, Cedar Rapids, IA, for Zio Johnos, Inc.

### ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came before the Court on February 22, 2002 on Plaintiff's Motion for

Summary Judgment. Plaintiff Zio Johnos, Inc. was represented by attorney Renee Hanrahan. Debtor/Defendant Ramon K. Ziadeh was represented by attorney Michael Mollman. After hearing arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Plaintiff's Complaint seeks to except a debt from Debtor's discharge under § 523(a)(2)(A) for fraud or false representations, § 523(a)(4) for fraud in a fiduciary capacity or embezzlement, or under § 523(a)(6) for willful conversion. The Motion for Summary Judgment asserts that Plaintiff's Iowa District Court judgment against Debtor has preclusive effect. Plaintiff argues that it is entitled to judgment as a matter of law in this dischargeability proceeding based on res judicata or the Rooker–Feldman doctrine.

## STATEMENT OF FACTS

This action arises out of a construction contract between Plaintiff Zio Johnos, Inc. and Debtor, who agreed to act as general contractor on Plaintiff's remodeling project. Plaintiff alleges Debtor failed to pay subcontractors as agreed and used advances under the contract for improper purposes.

The Iowa District Court in Johnson County entered a judgment for Plaintiff based on the same underlying factual assertions. That judgment was entered in response to Plaintiff's motion for summary judgment. Debtor did not appear or file an answer or any other pleading or motion in the Johnson County action. He did not respond to Plaintiff's Motion for Summary Judgment.

As requested, Plaintiff filed a copy of the complete record of court filings in the Johnson County case *Zio Johnos, Inc. v. Ramon Ziadeh d/b/a R.L.Z. Construction,* Case No. LACV061052. Plaintiff filed the petition in Iowa District Court on August 8, 2000 and Debtor was served on August 11, 2000. The petition, amended petition and motion for summary judgment assert Debtor breached a contract with Plaintiff, and committed fraudulent misrepresentation and conversion. The Iowa District Court granted Plaintiff summary judgment on November 1, 2000 and an Order for Entry of Judgment was filed December 1, 2000. An Order was entered March 21, 2001 setting a judgment debtor's examination for April 20, 2001. Debtor filed his Chapter 7 petition on April 2, 2001.

## CONCLUSIONS OF LAW

■ Plaintiff seeks to resolve this matter through a motion for summary judgment. Summary judgment is a drastic remedy and must be exercised with extreme care. *Wabun–Inini v. Sessions,* 900 F.2d 1234, 1238 (8th Cir.1990); *see also Geiger v. Tokheim,* 191 B.R. 781, 785 (N.D.Iowa 1996). In considering a motion for summary judgment, the Court must determine "whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Rabushka v. Crane Co.,* 122 F.3d 559, 562 (8th Cir.1997).

## ROOKER–FELDMAN DOCTRINE

■ The Rooker–Feldman doctrine, res judicata and collateral estoppel are closely related legal concepts. *In re Goetzman,* 91 F.3d 1173, 1177 (8th Cir. 1996). Under the Rooker–Feldman doctrine, federal trial courts, such as bankruptcy courts, lack jurisdiction to engage

in appellate review of state court determinations. *Id.* The determination of dischargeability of a debt is a matter of federal bankruptcy law. *In re Chaney,* 229 B.R. 266, 269 (Bankr.D.N.H.1999). A bankruptcy court is not prohibited by the Rooker–Feldman doctrine from inquiring into the nature of the debt in order to determine whether the debt is nondischargeable. *Id.* Determining whether a debt is nondischargeable in bankruptcy is a separate and distinct issue from determining the existence of a debt or claim. *In re Hodges,* 271 B.R. 347, 351 (Bankr. N.D.Iowa 2000).

The Iowa District Court entered a judgment which constitutes a claim against Debtor in this case. This Court must determine whether that debt is dischargeable under § 523(a). Such a determination will not have the effect of reversing the state court decision. Therefore, the Rooker–Feldman doctrine does not preclude the Court from determining dischargeability under § 523(a).

## CLAIM PRECLUSION

■ Claim preclusion, or res judicata, is narrower than the Rooker–Feldman doctrine because it requires that there be a final judgment on the merits. *In re Ferren,* 227 B.R. 279, 282 (8th Cir. BAP 1998), *aff'd per curiam,* 203 F.3d 559 (8th Cir.2000). The law of claim preclusion bars further claims by parties or their privies based on the same cause of action where there has already been a final determination on the merits. *In re Kapp,* 611 F.2d 703, 707 (8th Cir.1979) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Kapp,*

611 F.2d at 707. Thus, claim preclusion may be used to establish the validity of a creditor's claim in bankruptcy. *In re Calvert,* 105 F.3d 315, 318 (6th Cir.1997); *In re Brazelton Cedar Rapids Group LC,* 264 B.R. 195, 200 (Bankr.N.D.Iowa 2001).

■ Claim preclusion will bar a subsequent suit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies." *In re Anderberg–Lund Printing Co.,* 109 F.3d 1343, 1346 (8th Cir.1997). Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. *Id.*

■ Under the full faith and credit statute, federal courts are required to give the same preclusive effect to the judgments of state courts that would be given by the state courts where the judgments was rendered. *See* 28 U.S.C. § 1738. Res judicata requires an examination of the law of the state in which the judgment was entered to determine whether that state would give that judgment preclusive effect against the claims asserted in the federal action. *Ferren,* 227 B.R. at 282 n. 7.

■ Under Iowa law, parties are precluded from disputing a default judgment. *Lynch v. Lynch,* 250 Iowa 407, 94 N.W.2d 105, 110 (Iowa 1959). A default judgment is considered a final adjudication on the merits for purposes of res judicata, or claim preclusion. *Id.* Res judicata cannot be avoided by failing to appear or plead. *Trustees of Green Bay Levee & Drainage Dist. No. 2 v. Alexander,* 252 Iowa 801, 108 N.W.2d 593, 598 (Iowa 1961). For a default judgment to be binding as a prior adjudication, it is only neces-

sary that the allegations of the petition support the judgment. *Id.*

The Iowa District Court judgment granted on Plaintiff's motion for summary judgment after Debtor failed to appear or answer, is a final adjudication on the merits under Iowa law for claim preclusion purposes. Obviously, both the Johnson County action and this action involve the same parties. Questions remain, however, whether these two actions involve the same claim or whether this action to except a debt from discharge under § 523(a) of the Bankruptcy Code could have been presented to the Iowa District Court for determination.

In *Brown v. Felsen*, 442 U.S. 127, 138, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court considered the application of res judicata in a dischargeability action under the Bankruptcy Act. It refused to apply claim preclusion based on a prior state court action, noting the Bankruptcy Court has exclusive jurisdiction over dischargeability actions. *Id.* at 135, 99 S.Ct. 2205. It is now well settled that a state action to establish a debt is separate and distinct from a determination of dischargeability under § 523(a). *In re Tatge*, 212 B.R. 604, 609 (8th Cir. BAP 1997).

Bankruptcy courts have exclusive jurisdiction to determine whether debts are nondischargeable under § 523(a)(2), (4), (6) and (15), through the application of § 523(c). *In re Honeycutt*, 228 B.R. 428, 430 (Bankr.E.D.Ark.1998); *In re Gregg*, 268 B.R. 295, 300 (Bankr. N.D.Fla.2001). State courts and bankruptcy courts have concurrent jurisdiction only over the dischargeability of debts which are not listed in § 523(c). *Honeycutt*, 228 B.R. at 430. Thus, state courts cannot consider dischargeability of § 523(c) debts, such as false representation and willful injury or conversion, in actions to establish the debt. *In re Gil-*

*son*, 250 B.R. 226, 238 (Bankr.E.D.Va. 2000). Claim preclusion is generally unavailable in such discharge actions based on a state court judgment, although collateral estoppel, or issue preclusion, may be applicable if the issues are "actually litigated" in the prior action. *Id.; Tatge*, 212 B.R. at 609.

Generally, under Iowa law, the "actually litigated" requirement of issue preclusion is not met where a judgment in a prior action is entered on a default for failure to appear or plead. *In re Hodges*, 271 B.R. 347, 352 (Bankr.N.D.Iowa 2000); *Lynch*, 94 N.W.2d at 108. Judgment by confession, consent or default does not fulfill the "actually litigated" requirement of issue preclusion. *Hoth v. Iowa Mut. Ins. Co.*, 577 N.W.2d 390, 391 (Iowa 1998). A party may, however, actually litigate an issue on summary judgment. *Bell v. Douglass*, 184 B.R. 301, 305 (N.D.Ill.1995) (applying Iowa law). In *Bell*, an Iowa court granted summary judgment based on unanswered requests for admissions. *Id.* at 303. The court found this was not qualitatively different than a default judgment. *Id.* at 305. The Iowa court made no independent findings and the debtor was not actively involved in the court proceedings. *Id.* The Bankruptcy Court concluded issue preclusion was not applicable in the circumstances. *Id. See also In re Silva*, 190 B.R. 889, 894 (9th Cir. BAP 1995) (no issue preclusive effect of prior federal court summary judgment where the debtor had not actively participated).

As noted in *In re Staggs*, 178 B.R. 767, 776 (Bankr.D.Ind.1994) (considering Indiana law), issue preclusion does not apply where a default judgment is entered and the defendant never appeared, as opposed to a judgment after a full blown trial which precludes subsequent litigation. In between these two extremes is a twilight

zone courts must address on a case-by-case basis. *Id.* at 777. In determining whether to give a prior state court judgment preclusive effect, the bankruptcy court must determine whether the "actually litigated" requirement is met under state law. *Id.* at 778.

This Court has found a default judgment in a civil action for assault could form the basis for issue preclusion in a dischargeability proceeding under § 523(a)(6) in *Hodges*, 271 B.R. at 350. It was not a typical default judgment, however, as the state court entered the judgment as a discovery sanction after making factual findings regarding the assault. *Id.* In *In re Arensdorf*, 1999 WL 33456230 (Bankr. N.D.Iowa June 21, 1999), the Court considered the collateral estoppel effect of a summary judgment entered in the Iowa District Court where the debtor had filed no answer, default was entered and the judgment was based solely on the creditor's evidence. The Court concluded the elements of issue preclusion were not met. *Id.* at *6.

### CONCLUSIONS

The Rooker–Feldman doctrine does not apply to preclude the Court from determining dischargeability in this proceeding. Plaintiff has failed to prove all elements of claim preclusion. The prior Iowa District Court action did not give Debtor the opportunity to litigate the dischargeability of the debt as the Bankruptcy Court has exclusive jurisdiction over such actions. Although a default judgment or summary judgment after failure to appear and plead is considered a final adjudication on the merits, the Iowa action and this action do not involve the same cause of action, i.e. dischargeability under § 523(a)(2), (4) or (6). Therefore, claim preclusion, or res judicata, does not apply.

Issue preclusion, or collateral estoppel, requires that the issues were actually litigated in the prior proceeding. The Iowa District Court granted Plaintiff summary judgment after Debtor failed to appear or plead in the Johnson County action. Although summary judgments may satisfy the "actually litigated" requirement in some circumstances, this judgment is not qualitatively different than a default judgment. It is based solely on the allegations of Plaintiff's petition and arguments and affidavits in the summary judgment proceedings, without any involvement by Debtor. In these circumstances, Plaintiff's summary judgment from Iowa District Court does not preclude this Court from determining dischargeability in this adversary proceeding.

**WHEREFORE,** Plaintiff Zio Johnos, Inc.'s Motion for Summary Judgment is DENIED.